UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| MARKETA ITH, | ) | |
| | ) | |
| Plaintiff, | ) | 3:08-cv-0235 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| UNITED STATES FOREST SERVICE, | ) | [Re: Motion at Docket 21] |
| an agency of the UNITED STATES | ) | |
| DEPARTMENT OF AGRICULTURE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. MOTION PRESENTED

At docket 21, plaintiff Marketa Ith requests the court to require defendant United States Forest Service ("Forest Service") to certify by affidavit that all documents responsive to plaintiff's Freedom of Information Act request have either been produced or placed on the privilege log and that the Forest Service has produced all documents from the privilege log requested by plaintiff. At docket 24, defendant Forest Service opposes the motion. Plaintiff Ith replies at docket 25. Oral argument was not requested, and it would not assist the court.

## II. BACKGROUND

This action involves Ms. Ith's request that the Forest Service produce certain documents pursuant to her request under the Freedom of Information Act ("FOIA"). FOIA provides in pertinent part that "each agency, upon any request for records which

(I) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person."[1]

By letter dated July 28, 2008, Dennis Bschor, Regional Forrester, informed Ms. Ith that in addition to previously produced documents, the Forest Service had identified 318 documents within the scope of her request, 41 of which were withheld in part and 153 were withheld in their entirety.[2] On August 15, 2008, Ms. Ith appealed the Regional Forester's decision to withhold parts of 41 documents and all of 153 documents.[3] On January 8, 2009, the Forest Service released most of the documents identified in Ith's appeal, withholding four documents pending further review.[4] Ms. Ith subsequently requested production of the four withheld documents.[5] The Forest Service purported to produce the additional documents on March 12, 2009.[6] Upon discovering that the Forest Service had not in fact produced all of the documents in their entirety, Ms. Ith examined whether additional documents which were designated as produced on the Forest Service's privilege log had actually been produced, and found that several documents identified as produced had not been produced.[7] Ms. Ith requested production of the additional documents.[8] The Forest Service again purported to produce all of the requested documents, but failed to produce all of the documents in their entirety. On March 25, 2009, Ms. Ith requested the Forest Service to produce the last withheld documents, as well as an "Office of Ethics Assessment" which was

---

[1] 5 U.S.C. § 552(a)(3)(A).

[2] Doc. 24, exh. B at p. 2.

[3] Doc. 24, exh. C at p. 1.

[4] Doc. 24, exh. D at p. 1.

[5] Doc. 22 at p. 2.

[6] Doc. 24, exh. D at p. 2.

[7] Doc. 22 at p. 2.

[8] Doc. 24, exh. D. at p. 3.

-2-

referenced in another document and was responsive to her FOIA request but had not been produced nor placed on the privilege log.[9]

On March 26, 2009, Ms. Ith's counsel requested the Forest Service for the certification that is the subject of this motion.[10] On April 22, 2009, counsel for the Forest Service responded that the agency was working on a declaration.[11] To date, no declaration has been filed.

On April 24, 2009, Ms. Ith filed a motion requesting the court to order the Forest Service to certify that it has identified all responsive documents and produced all documents requested by Ms. Ith. In support of her motion, Ms. Ith filed several e-mails authored by a Forest Service employee, which were originally withheld as privileged but later produced after Ms. Ith's requests. In the e-mails, the Forest Service employee advises the recipients to destroy the e-mails as well as certain other documents because they are subject to discovery.[12]

On May 18, 2009, the parties filed a joint status report, representing that "[a]ll that remains in the case is for the Court to decide Plaintiff's pending motion to require Defendant to certify that it has identified all responsive documents and produced all documents requested by plaintiff. . . . Once the Court resolves the motion and parties comply with it, the case will be ready for judgment/dismissal."[13]

### III. DISCUSSION

Ms. Ith requests the Forest Service to certify that it has identified all documents responsive to her FOIA request and produced all previously withheld documents.[14]

---

[9] Doc. 24, exh. D at p. 4.

[10] Doc. 22 at p. 3.

[11] Doc. 24, exh. D. at p. 6.

[12] Doc. 22, exh. A.

[13] Doc. 26 at pp. 1-2.

[14] Doc. 21 at p. 2.

Ms. Ith requests the certification on the grounds that 1) recently disclosed but previously withheld documents contained statements by a Forest Service employee "about the importance of 'destroying' documents so that they will not be discovered in litigation;"[15] 2) the Forest Service produced the withheld documents only after Ms. Ith's counsel reviewed the Forest Service's productions against its index of previously withheld documents and determined that their production was still incomplete; and, 3) one of the previously withheld documents referred to another document that had neither been produced nor placed on a privilege log although it was responsive to Ms. Ith's FOIA request. Ms. Ith argues that the above events have "raised legitimate doubt about other responsive documents that might exist that were neither produced nor placed on a privilege log."[16]

The Forest Service opposes the motion on the grounds that 1) the Forest Service made a good faith effort to respond to Ms. Ith's FOIA request and has produced the documents listed in her FOIA appeal; 2) the agency's search for documents was adequate; and, 3) the Forest Service "is working on a declaration regarding the nature and adequacy of the search in response to Plaintiff's FOIA request."[17] The Forest Service also argues that plaintiff's motion does not cite any authority for the requested certification under FOIA.

Citing *Zemansky v. United States Environmental Protection Agency*, the Forest Service argues that it was only required to conduct a "reasonable search" for the requested documents. In *Zemansky*, the Ninth Circuit held that in order to demonstrate the adequacy of its search, the agency must

> demonstrate that it has conducted a "search reasonably calculated to uncover all relevant documents." Further, the issue to be resolved is not whether there might exist other documents possibly responsive to the request, but rather whether the search for those documents was adequate. The adequacy of the

---

[15]Doc. 21 at p. 2.

[16]Doc. 21 at p. 3.

[17]Doc. 24 at p. 2.

-4-

search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case.[18]

In demonstrating the adequacy of the search, the agency may rely upon nonconclusory affidavits if they are reasonably detailed in their description of the files searched and the search procedures used and are "not impugned by evidence of bad faith."[19] Here, the Forest Service notified Ms. Ith in April 2009 that it was "working on a declaration," but has failed to file such a declaration, much less an affidavit that meets the above standards.

Moreover, the Forest Service's argument that it was only required to conduct a reasonable search for documents fails to address the primary issues in this motion, namely whether all documents identified as responsive to Ms. Ith's FOIA request have been produced in their entirety or placed on a privilege log and whether the Forest Service has produced all previously withheld documents which are subject to production. Based on the facts of this case, the court is not persuaded by the Forest Service's unsworn statement that it has made a good faith effort to respond to Ms. Ith's FOIA request and that it produced all documents listed in her FOIA appeal. While the court may rely on detailed, nonconclusory affidavits to demonstrate agency compliance with FOIA's mandate, the court is not required "to accept glib government assertions of complete disclosure or retrieval."[20]

Moreover, controlling authority supports Ms. Ith's request for certification. In *Papa v. United States*,[21] the government agency sought dismissal of plaintiff's FOIA's claims as moot on the grounds that the agency had produced all nonexempt material. The agency filed affidavits in support of the motion. The district court granted the agency's motion. The Ninth Circuit reversed and remanded concluding that the

---

[18]767 F.2d 569, 571 (9th Cir. 1985) (citations omitted) (emphasis in original).

[19]*Zemansky*, 767 F.2d at 573 (quotation omitted).

[20]*Perry v. Block*, 684 F.2d 121, 126 (D.C.Cir. 1982).

[21]281 F.3d 1004 (9th Cir. 2002).

-5-

supporting affidavits were not "relatively detailed and nonconclusory." The Ninth Circuit further stated,

> The problem for defendants is that they have cited nothing in the record certifying that all the records in existence that must be produced have been produced. The affidavits on which defendants rely merely state that certain documents were produced; they do not detail the methods used to search for documents and never state that all documents have been produced.[22]

The Ninth Circuit explicitly ruled that "[b]efore the court may dismiss the FOIA claims, the defendants must properly certify their production, especially in light of the history of the [plaintiff's] FOIA request."[23] The District of Columbia Circuit has similarly ruled that to prevail on a motion for summary judgment in a FOIA suit, "the defending agency must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the (FOIA's) inspection requirements."[24]

Based on the above and in light of the history of Ms. Ith's FOIA request, the court concludes that before it may dismiss the FOIA claims, the Forest Service must properly certify its production by filing a nonconclusory affidavit which provides a relatively detailed description of the files searched and the search procedures used, affirms that each document identified as responsive to Ms. Ith's FOIA request has been produced in its entirety or placed on a privilege log, avers that all previously withheld documents from the privilege log which are subject to production have been produced in their entirety, and states that the affidavit is submitted in good faith.

In her motion, Ms. Ith also requested the court to award her reasonable attorney's fees incurred in bringing the motion and to direct the parties to confer and attempt to agree on a reasonable fee award. The Forest Service did not oppose Ms. Ith's request for an award of attorney's fees. Failure to properly oppose a motion

---

[22]*Papa*, 281 F.3d at 1013.

[23]*Id.* at 1013-14.

[24]*Perry*, 684 F.2d at 126 (quoting *National Cable Television Ass'n v. FCC*, 479 F.2d 183, 186 (D.C.Cir. 1973)).

-6-

may be deemed an admission "that the motion is well taken."[25]  Accordingly, the court concludes that Ms. Ith is entitled to an award of reasonable attorney's fees and will direct the parties to confer and attempt to agree on the fee award.

### IV.  CONCLUSION

For the reasons set out above, plaintiff's motion at docket 21 is **GRANTED** as follows.  On or before June 30, 2009, defendant United States Forest Service shall file an affidavit in compliance with the conditions set forth in this order.  It is further ordered that Ms. Ith is entitled to an award of reasonable fees incurred in bringing this motion, and the parties are directed to confer and attempt to agree on the amount of the reasonable fee award.  In the event the parties are unable to agree, Ms. Ith may file a properly supported motion for attorney's fees with the court.  Defendant may oppose any such motion, but only with respect to the amount of fees.

DATED at Anchorage, Alaska, this 12th day of June 2009.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[25] L. R. Dk. A. 7.1(d)(1).